# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **JOHN F. TRIPLETT,** | : | **CIVIL ACTION NO.** |
| **Movant,** | : | **1:11-cv-4459-CAP-AJB** |
| | : | |
| **v.** | : | **CRIMINAL ACTION NO.** |
| | : | **1:02-cr-718-CAP-AJB-1** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **MOTION TO VACATE** |
| **Respondent.** | : | **28 U.S.C. § 2255** |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Movant, a former federal prisoner, has filed a 28 U.S.C. § 2255 motion to vacate

the sentence he received in this Court on July 31, 2003, requiring him to serve

51 months in prison, followed by 36 months on supervised release, and to pay a

$10,000 fine and $86,512.02 in restitution. [Doc. 165 at 2; *see* Doc. 107]. Now before

the Court are the motion to vacate, [Doc. 165], the Government's response [Doc. 167],

and Movant's reply, [Doc. 168]. For the reasons set forth below, it is

**RECOMMENDED** that the § 2255 motion be **DISMISSED** for lack of jurisdiction

and that Movant's requests for alternate forms of relief be **DENIED**.

## I.    Background

On July 31, 2003, Movant was sentenced in this Court to a 51-month term of

imprisonment, to be followed by a 36-month term of supervised release, for conspiracy,

in violation of 18 U.S.C. § 371, to commit fraud, in violation of 18 U.S.C. § 1341 (mail fraud), § 1343 (wire fraud), and § 1346 (honest services fraud). [*See* Doc. 143 at 1-2; Doc. 165 at 1-2; Doc. 167 at 2, 6]. Movant's term of imprisonment has ended, as has his term of supervised release. [*See* Doc. 162 (April 10, 2009, Order granting Movant's motion for early termination of supervised release)]. Movant also has satisfied the monetary portion of his judgment of conviction. [*See* Doc. 159].

## II.    **The Parties' Contentions**

In his § 2255 motion, Movant "now ask[s] this court to vacate [his] conviction for the following reasons. On June 24th, 2010, the United States Supreme Court issued its opinion in [*Skilling v. United States*, 130 S. Ct. 2896 (2010)]. That decision held that the honest services statute could only cover schemes in which there was bribery or a kickback." [Doc. 165 at 2]. Movant notes that he

> has served his time of incarceration for this illegal sentence and paid a $10,000.00 dollar fine and illegal restitution exceeding $ 94,000.00 and supervised release. The government will surely argue that because of these factors this defendant is not in custody and 2255 is not the proper procedure for this claim. Therefore if [2]8 U.S.C. § 2255 is inadequate to provide the relief requested then the court should accept this petition pursuant to 28 U.S.C. § 2241; [28] U.S.C. § 1651 (All Writs Act); 28 U.S.C. § 1361 (MANDAMUS) or Rules 33 and 34 of the Federal Rules of Criminal Procedure.

[*Id.* at 4]. Petitioner presents the following argument:

2

The Supreme Court has said what the Government and this Court did to me and my family was Unconstitutional. This Court cannot give me back 51 months of my life, 51 months away from my wife and family. Nearly $250,000.00 dollars in fines, restitution and legal fees, which courts from Philadelphia to California have ordered the Justice Department to return, as I request here.

Wherefore pursuant to the Supreme Court's ruling and prevailing law this petitioner moves the court to vacate the unconstitutional conviction and sentence and return all fines and restitution associated with this sentence and all other relief that this court deems necessary to right this wrong.

[*Id.* at 5].

The government responds by arguing that Movant's 28 U.S.C. § 2255 motion should be dismissed because (a) Movant no longer satisfies the in-custody requirement of § 2255, (b) his § 2255 motion is impermissibly second or successive, (c) the motion is untimely, (d) Movant procedurally defaulted his *Skilling* claim, (e) Movant was convicted of other types of fraud, not only honest services fraud, and (f) even if Movant had been convicted only of honest services fraud, his conviction would stand. [Doc. 167 at 7-18]. With respect to the alternative forms of relief that Movant seeks, the government argues that (1) Movant's motion for 28 U.S.C. § 2241 relief fails under that statute's in-custody requirement, (2) Movant's motion for relief under Federal Rules of Criminal Procedure 33 and 34 is untimely, and (3) Movant is not entitled to a writ of coram nobis under the All Writs Act, 28 U.S.C. § 1651. [Doc. 167 at 19-24].

3

AO 72A
(Rev.8/8
2)

Movant replies that "[n]ot one court in this country since the *Skilling* case has refused to reverse, a fact the government fails to mention in [its] response[, and he] reiterate[s] that the Supreme Court has made clear that a jurisdiction claim is not time barred or any other bar [sic] since the fabric of our legal system is based on the court having jurisdiction." [Doc. 168 at 2]. Movant states:

> This case is about a prosecutor's blind determination to win [that] completely ignored the constitution and the law. What is amazing is that the court played along in the face of testimony that the so called victim suffered 'No loss', a factor that would have to be present even in the bribery corruption statute. This prosecutor and the court after starting down that road could not and would not put on the brakes, which of course would be an admission of making a mistake.

> It should be noted to this court that in every case across the country hearing this issue, most every defendant entered a plea of guilty, and every case including *US v Brooks Blitch* in the Middle District of Georgia, have been reversed and all fines and or restitution have been returned. In my case I never pleaded guilty as I knew I had done nothing wrong and gave my employer over 20 years of honest service with no fraud intended intentionally or unintentionally.

> The Government and this court were wrong then and surely will not make the same mistake again.

[*Id.* at 2-3].

4

AO 72A
(Rev.8/8
2)

## III.  Discussion

### A.      Relief Under 28 U.S.C. § 2255

It is undisputed that when Movant filed the § 2255 motion at issue he was no longer in federal custody or under any financial obligation with respect to the judgment of conviction he seeks to challenge in his motion.  [*See* Doc. 165 at 4].  However, only "[a] prisoner *in custody* under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255 (a) (emphasis added); *see Maleng v. Cook*, 490 U.S. 488, 490, 492 (1989) (noting federal habeas "in custody" requirement, 28 U.S.C. § 2241(c)(3), and answering no to "question . . . whether a habeas petitioner remains 'in custody' under a conviction after the sentence imposed for it has fully expired"); *see also Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987) (noting that "principles developed in habeas cases also apply to § 2255 motions").

Because Movant was no longer in federal custody when he filed his § 2255 motion, this Court lacks jurisdiction to entertain the motion.  *See Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001) (citing *Maleng* for proposition that "federal courts normally lack jurisdiction over petitions which challenge a conviction with a completely expired sentence"); *see also Birotte v. Sec'y for the Dep't of Corr.*,

5

236 Fed. Appx. 577, 579-80 (11ᵗʰ Cir. June 13, 2007) (unpublished decision) (stating that "because [petitioner] was not 'in custody' at the time that he filed his § 2254 petition, . . . the district court properly dismissed his § 2254 petition for lack of jurisdiction"); *United States v. Ramos-Pacussich*, No. 95-0024-AH-C, 1995 U.S. Dist. LEXIS 7476, at *4 (S.D. Ala. May 31, 1995) (stating that "as Defendant is no longer in custody under a sentence imposed by this Court, this Court lacks jurisdiction under the express language of § 2255 to consider [his] motion").[1]

### B.    Relief Under 28 U.S.C. § 2241

Nevertheless, Movant seeks alternative forms of relief, which the Court also must address.  Movant's attempt to rely on 28 U.S.C. § 2255(e)'s savings clause—which, under very limited circumstances, allows a 28 U.S.C. § 2241 habeas corpus petition "in behalf of a prisoner" when the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention"—fails because the in-custody requirement applies not only to a § 2255 motion but also to a § 2241 habeas corpus petition, as the language of § 2255(e) makes clear.  *See Arnaiz v. Warden*, 594 F.3d 1326, 1328, 1330 (11ᵗʰ Cir.

---

[1]      Respondent's remaining arguments for dismissal of Movant's § 2255 motion are well-taken, but the Court need not address them. *See e.g., Ray v. Campbell*, 284 Fed. Appx. 773, 774 n.1 (11ᵗʰ Cir. July 8, 2008) ("Because the federal courts lack jurisdiction to address [appellant's] petition because he was not 'in custody,' we need not address the issue of exhaustion.").

6

2010) (noting that 28 U.S.C. § 2241(c)(1) allows a federal court "to issue the writ [of habeas corpus] if a prisoner is 'in custody under or by color of the authority of the United States,' " but concluding that "habeas corpus cannot be used to challenge just the restitution part of a sentence [because] *the custody supporting [federal] jurisdiction is actual imprisonment*" (emphasis added)).  Accordingly, Movant may not take advantage of § 2255(e)'s savings clause to obtain relief under § 2241.

### C.   Relief Under Federal Rules of Criminal Procedure 33 and 34

Likewise, Movant may not obtain relief under Federal Rules of Criminal Procedure 33 or 34, as the time for seeking such relief has long since expired. *See* Fed. R. Crim. P. 33(b) (establishing three-year window after guilty verdict for filing motion for new trial based on newly discovered evidence and fourteen-day window for all other new-trial motions); Fed. R. Crim. P. 34 (b) (establishing fourteen-day window for filing motion to arrest judgment after court accepts guilty verdict).  The jury returned its verdict of Movant's guilt on April 18, 2003, [Doc. 90], long before Movant filed the motion at issue here on December 20, 2011.

### D.   Mandamus Relief

Alternatively, Movant seeks mandamus relief under 28 U.S.C. § 1361.  This Court's original mandamus jurisdiction extends only to an action "to compel an officer

7

or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The Eleventh Circuit's "predecessor held that mandamus 'should be utilized only in the clearest and most compelling of cases,' and is only appropriate when '(1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy [is] available.' " *Manno v. United States*, 137 Fed. Appx. 245, 247 & n.2 (11th Cir. June 23, 2005) (quoting *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969), and noting that the Eleventh Circuit held "[i]n *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*), . . . that all decisions of the Fifth Circuit issued before the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit"). However, absent a showing of a fundamental error entitling him to coram nobis relief, as discussed below, Movant has not identified any federal officer or employee who has a "clear duty to act" on his behalf, and thus, he is not entitled to mandamus relief.

### E. Coram Nobis Relief

As a final alternative to relief under 28 U.S.C. § 2255, Movant seeks coram nobis relief under 28 U.S.C. § 1651.

> "A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255." *United*

8

> *States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002) (per curiam). The
> extraordinary remedy is "available only in compelling circumstances
> where necessary to achieve justice." *United States v. Mills*,
> 221 F.3d 1201, 1203 (11th Cir. 2000). A petitioner may only obtain this
> relief where "there is and was no other available avenue of relief," and
> "the error involves a matter of fact of the most fundamental character
> which has not been put in issue or passed upon and which renders the
> proceeding itself irregular and invalid." *Alikhani [v. United States]*,
> 200 F.3d [732,] 734 [(11th Cir. 2000)] (citation and internal quotation
> marks omitted).

*United States v. Clay*, 457 Fed. Appx. 885, 886 (11th Cir. Feb. 10, 2012). "Because the

'writ of error coram nobis is an extraordinary remedy of last resort available only in

compelling circumstances where necessary to achieve justice,' courts may consider

coram nobis petitions only where no other remedy is available and the petitioner

presents sound reasons for failing to seek relief earlier." *United States v. Spellissy*,

438 Fed. Appx. 780, 782-84 (11th Cir. Aug. 16, 2011) (affirming denial of coram nobis

relief to petitioners who challenged their honest services fraud conviction on the basis

of *Skilling* because "the charged activity, the arguments made in closing, the

instructions to the jury, and the post-verdict arguments, all point to the fact that the

proscribed activity, for which [petitioners] were charged, put on trial, and convicted,

involved a scheme by [them] to pay . . . for preferential treatment in procuring

contracts[, which] remains proscribed activity, even after *Skilling* narrowed

9

'honest-services fraud' to include only bribe or kickback schemes").

The government argues here that "the record of this case is replete with references to the fact that this trial was about [Movant] obtaining kickbacks from a vendor to make purchases from that vendor on behalf of [his] employer, [the Henry] Pratt [Company]. This is precisely the area [for] which *Skilling* approved the use of [28 U.S.C. §] 1346." [Doc. 167 at 11]. The government observes that it "presented ample proof at trial that Pratt's profitability was explicitly diminished by these kickbacks to contravene an implication by defense counsel that no loss had occurred." [*Id.* at 14-15]. The government also notes that the jury answered a series of questions in rendering its verdict, leaving no doubt that it found Movant guilty of conspiring to commit money or property fraud separately from finding him guilty of conspiring to commit honest services fraud. [*Id.* at 13; *see id.* at 15-16 (noting that the Court's "charging instructions made multiple references to the difference between mail/wire 'money' fraud and 'honest services' fraud and explained that the latter involved kickbacks")].[2]

_____

[2] Because the Court's Charge was not accessible via CM/ECF, the undersigned requested the Official Court Reporter to prepare a pdf copy of the same for review. In explaining honest services fraud to the jury, the Court stated that

every agent or employee representing or working for someone, the

10

AO 72A
(Rev.8/8
2)

Chapter 63 of Title 18 of the United States Code, entitled Mail Fraud and Other

Fraud Offenses, defines mail fraud in § 1341,[3] defines wire fraud in a similar manner

---

> employer, has a duty to act honestly and faithfully in all of his or her dealings with the employer, and to transact business in the best interest of the employer, including a duty to make full and fair disclosure to the employer of any personal interest, or profit, or kickback the employee expects to derive, or has derived from any transaction in which he or she participates in the course of the employment.

[Court's Charge (attached hereto) at 13-14]. However, in defining the crime of honest services fraud, the Court did not inform the jury that a bribe or kickback was a necessary element of the crime.

> To deprive another of the intangible right to honest services means to violate or to cause an employee or agent of another person to violate the employee's or agent's duty to provide honest services to the employer.

> With regard to employees in the private sector, the government must prove that the employee intended to breach a fiduciary duty, and that the employee foresaw or reasonably should have foreseen that the employer might suffer an economic harm as a result of the breach.

[*Id.* at 13]. The Court nevertheless made it clear to the jury that Movant was charged with both "money [or] property fraud" and "honest services fraud" and that he could be convicted of either or both. [*Id.* at 10-12, 16-17].

> [3] The mail fraud statute, 18 U.S.C. § 1341, provides in pertinent part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, . . . places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or

11

in § 1343, and defines honest services fraud in § 1346.[4]

> Mail and wire fraud are analytically identical save for the method of execution. Both offenses require that a person (1) intentionally participates in a scheme or artifice to defraud another of money or property, and (2) uses or causes the use of the mails or wires for the purpose of executing the scheme or artifice. The first element, a scheme or artifice to defraud, requires proof of a material misrepresentation, or the omission or concealment of a material fact calculated to deceive another out of money or property. A misrepresentation is material if it has a natural tendency to influence, or is capable of influencing, the decision maker to whom it is addressed.

*United States v. Bradley*, 644 F.3d 1213, 1238-39 (11th Cir. 2011) (citations, footnotes, and quotations marks omitted), *cert. denied*, 132 S. Ct. 2375 (2012).

> In *Skilling*, [130 S. Ct. 2896,] the Supreme Court considered the scope and constitutionality of the honest services statute, and determined that "[t]o preserve the statute without transgressing constitutional limitations," § 1346 criminalizes only "fraudulent schemes to deprive another of honest services through bribes or kickbacks." *Id.* at 2928-29, 2931. The Supreme Court rejected the government's argument that § 1346 should also encompass "undisclosed self-dealing by a public official or private employee -- *i.e.*, the taking of official action by the employee [or official]

---

> causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, . . . shall be fined under this title or imprisoned not more than 20 years, or both.

> [4] The honest services fraud statute, 18 U.S.C. § 1346, provides that "the term 'scheme or artifice to defraud' includes a scheme or artifice to deprive another of the intangible right of honest services."

AO 72A
(Rev.8/8
2)

that furthers his own undisclosed financial interests while purporting to act in the interests of those to whom he owes a fiduciary duty." *Id.* at 2932 (quotation omitted).

*United States v. Langford*, 647 F.3d 1309, 1322 n.9 (11th Cir. 2011), *cert. denied*, 132 S. Ct. 1121 (2012).

A review of the record of Movant's criminal proceedings, as excerpted in the attachments to the government's response, [*see* Docs. 167-1 *et seq.*], reveals that the jury convicted Movant of conspiring to commit money or property fraud by the use of the United States mail and by the use of wire transmissions, i.e., it convicted him of conspiracy to commit both mail fraud and wire fraud. The jury also convicted him of conspiring to commit honest services fraud, which involved a scheme whereby Movant "arranged for the Henry Pratt Company to buy, at inflated prices, certain surplus equipment obtained by [a co-defendant corporation] so [Movant] could receive kickbacks from [the corporation] based on its profits from the equipment sales." [*See* Doc. 167-1 at 5 (Indictment); Doc. 167-2 (Jury Verdict)]. In response to six specific questions, the jury found that Movant, a Pratt employee, had conspired "to defraud" Pratt and "to obtain money from" Pratt "by means of false and fraudulent pretenses, representations, and promises," using both "the United States mail" and "interstate wire transmissions," and also found that Movant had conspired to deprive

AO 72A
(Rev.8/8
2)

Pratt of his honest services by using both the United States mail and interstate wire transmissions. [Doc. 167-2 at 1-2].

Although the Court did not charge the jury that the use of kickbacks is a necessary element of a conviction for conspiracy to commit honest services fraud, there is no rational possibility that the outcome of Movant's trial would have been different had the Court done so. The lack of that explicit jury instruction had no conceivable effect on Movant's conviction for conspiracy to commit both mail fraud and wire fraud. Movant was charged with only one crime, conspiracy to defraud, which the jury could have found he accomplished in one or more of three different ways, and which the jury specifically found he had accomplished in all three of those ways. Had Movant not been charged with honest services fraud at all, the outcome of his trial and sentencing would not have changed.[5]

_____

[5] The case upon which Movant relies in his reply, *United States v. Blitch*, No. 5:08-cr-40 (HL), 2011 U.S. Dist. LEXIS 153218 (M.D. Ga. Nov. 10, 2011), *adopted by* 2012 U.S. Dist. LEXIS 18855 (M.D. Ga., Feb. 15, 2012), is inapposite here. In that case, the defendant pleaded guilty to committing *only* honest services fraud, and because the record revealed, and the government conceded, that the defendant's sole crime of conviction did not involve bribery or kickbacks, the court construed his 28 U.S.C. § 2255 motion as a motion for coram nobis relief and, in light of *Skilling*, granted him that relief and vacated his judgment of conviction. *Blitch*, 2011 U.S. Dist. LEXIS 153218, at *1-4; *see Blitch*, 2012 U.S. Dist. LEXIS 18855, at *1-2.

14

Based on the foregoing, the undersigned does not find here the presence of "compelling circumstances where [the extraordinary remedy of coram nobis relief is] necessary to achieve justice," *see Mills*, 221 F.3d at 1203, as Movant has not shown that *Skilling*'s change in the substantive law, had it been in effect while he remained in custody, would have required the overturning of his conviction for conspiracy to defraud in violation of 18 U.S.C. § 371 and the mail and wire fraud statutes. *See United States v. Katopodis*, 428 Fed. Appx. 902, 903-04 (11th Cir. June 2, 2011) (denying plain error relief on direct appeal because—although "[i]n the light of [*Skilling*'s] narrowed definition of honest services fraud, the district court . . . erroneously instructed the jury because the court did not tell the jury that [appellant] had to accept bribes or kickbacks to be convicted of honest services fraud"—appellant "has not shown a reasonable probability that, without the court's improper instruction about honest services fraud, he would not have been found guilty of traditional money or property fraud; instead, his claims are speculative" because "the government's evidence focused almost exclusively on [appellant's] scheme to defraud [the victims] of money"). Accordingly, Movant is not entitled to coram nobis relief.

## IV. Certificate of Appealability

A § 2255 movant must obtain a certificate of appealability (COA) before

15

appealing the denial of a motion to vacate. 28 U.S.C. § 2255(d); 28 U.S.C. § 2253(c)(1)(B). A COA may issue only when the movant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (internal quotations omitted). Because there is no reasonable dispute over this Court's lack of jurisdiction to entertain Movant's motion to vacate, which he filed when he was no longer in custody under the judgment of conviction he seeks to challenge, a certificate of appealability should not issue in this matter.

## V.     Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the Court **DISMISS** Movant's 28 U.S.C. § 2255 motion, [Doc. 165], for lack of jurisdiction because Movant was not in federal custody when he filed the motion, **DENY** him a certificate of appealability, and **DENY** him relief on the alternative grounds he has proposed.

16

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 29th day of August, 2012.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/8
2)

```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF GEORGIA
                  ATLANTA DIVISION


UNITED STATES OF AMERICA, )
                          )
                          )
vs.                       )     CAUSE NUMBER:  1:02-CR-718
                          )
JOHN F. TRIPLETT,         )
                          )
          Defendant.      )




                    COURT'S CHARGE


                    APRIL 17, 2003


            BEFORE THE HON. CHARLES A. PANNELL
```

APPEARANCES:

ON BEHALF OF GOVERNMENT:  MR. JOHN FITZPATRICK
                          MR. JAMES CROWELL


ON BEHALF OF DEFENDANT:   MR. WILMER PARKER

Reported by:
Martha J. Frutchey
U.S. District Reporter
Room 2314, U.S. Courthouse
75 Spring Street, SW
Atlanta, Georgia  30303-3361
(404) 215-1573

1       THE COURT:  Members of the jury, it is now my duty to

2 instruct you on the rules of law that you must follow and apply

3 in deciding this case.  When I have finished, you'll go to the

4 jury room and begin your discussions that we call deliberations.

5 It will be your duty to decide whether the government has proven

6 beyond a reasonable doubt the specific facts necessary to find

7 the defendant guilty of the crime charged in the Indictment.

8           Now, you may want to take notes on my charge or not.

9 I'm not going to tell you to or not, but I am going to tell you

10 at this point, I have my charge typed up, and I'll send it to

11 you verbatim in the jury room.  It may not be there right at the

12 beginning of your deliberations.  This is a fairly long charge.

13 It will take us probably an hour, hour and a half to type it up.

14 But I just tell you that because sometimes I see jurors

15 frantically trying to make notes.  Let me assure you, I'm going

16 to send this to you verbatim in the jury room.

17           You must make your decision in the jury room only on the

18 basis of the testimony and the other evidence presented here

19 during the trial, and you must not be influenced in any way by

20 either sympathy or prejudice for or against the defendant, or

21 for or against the government.

22           You must also follow the law as I explain it to you,

23 whether you agree with that law or not, and you must follow all

24 my instructions as a whole.  You may not single out or disregard

25 any of the Court's instructions on the law.

The Indictment or formal charge against any defendant is not evidence of his guilt. Indeed, every defendant is presumed by the law to be innocent, and the law does not require a defendant to prove his innocence or to produce any evidence at all. The government has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so, then you must find the defendant not guilty. Thus, while the government's burden of proof is a strict and heavy burden, it is not necessary that a defendant's guilt be proven beyond all possible doubt. It is only required that the government's proof exclude any reasonable doubt concerning the defendant's guilt.

A reasonable doubt is a real doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the defendant has been proven guilty beyond a reasonable doubt, then your verdict should say so. If you are not convinced, then likewise your verdict should say so.

As I said earlier, you must consider only the evidence that I have admitted during the case, and the term, evidence, includes the testimony of the witnesses and the exhibits admitted during the trial.

Remember that anything the lawyers say is not evidence in this case.  It is your own recollection and interpretation of the evidence that controls.  What lawyers say is not binding upon you.

Also, you should not assume from anything that I have said or any opinion I have expressed concerning any of the issues in the case, that the Court has an opinion on the issues in the case from anything I have said.  Except for my instructions to you on the law, you should disregard anything that the Court may have said or done during the trial in arriving at a decision concerning the facts in this case.

In considering the evidence, you must make deductions and reach conclusions which reason and common sense lead you to make, and you should not be concerned about whether the evidence is direct or circumstantial.

Direct evidence is the testimony of one who asserts actual knowledge of a fact such as an eye witness.  Circumstantial evidence is proof of a chain of facts or circumstances tending to prove or disprove any fact in dispute.  The law makes no distinction between the weight that a jury gives either to direct or circumstantial evidence.

Now, in saying that you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate.  You should decide whether you believe what each witness had to say and how important that testimony was.  In

1  making that decision, you may believe or disbelieve any witness

2  in whole or in part.  Also, the number of witnesses testifying

3  concerning any particular dispute is not controlling.

4        In deciding whether you believe or do not believe any

5  witness, I suggest that you ask yourself certain questions.  Did

6  the witness impress you as one who was telling the truth?  Did

7  the witness have any particular reason not to tell the truth?

8  Did the witness have a personal interest in the outcome of the

9  case?  Did the witness seem to have a good memory?  Did the

10  witness have the opportunity and ability to observe accurately

11  the things that he or she testified about?  Did the witness

12  appear to understand the questions clearly and answer them

13  directly?  Did the witness's testimony differ from other

14  testimony or other evidence?

15        The testimony of some witnesses may be considered with

16  more caution than the testimony of other witnesses.  For

17  example, a witness who has been promised that he or she will not

18  be charged or prosecuted, or a witness who hopes to gain more

19  favorable treatment in his own or her own case, may have a

20  reason to make a false statement because the witness wants to

21  strike a good bargain with the government.

22        So while a witness of that kind may be entirely truthful

23  when testifying, you should consider that testimony with more

24  caution than the testimony of another witness.  In this case the

25  government has called witnesses whose employers have pled guilty

1    pursuant to plea agreements providing for the possibility of a

2    lesser sentence than their companies would otherwise be exposed

3    to for defrauding the Henry Pratt Company.  Evidence of the

4    company's guilty plea is not evidence to be considered against

5    the defendant.  Such plea agreements also provide for non

6    prosecution of those witnesses for the offense to which their

7    companies have pled guilty in return for the cooperation in the

8    case.

9          Another witness himself pled guilty pursuant to a plea

10   agreement to a charge involving fraud committed on the Henry

11   Pratt Company, which plea agreement also provided for the

12   possibility of a lesser sentence and that he would cooperate

13   with the government in this case.  Such plea bargain, as it is

14   called, has been approved and is lawful and proper and is

15   expressly provided for in the rules of the Court.  However, a

16   witness who hopes to gain a more favorable treatment may have a

17   reason to make a false statement because the witness wants to

18   strike a good bargain with the government.

19         So while a witness of that kind may be entirely truthful

20   when testifying, you should consider that testimony with more

21   caution than the testimony of another witness.  And, of course,

22   the fact that a witness has pled guilty to the crime charged in

23   the Indictment or to another crime allegedly involving this

24   defendant is not evidence in and of itself of the guilt of any

25   other person.

1    Likewise, you are instructed that you may not consider

2  the guilty plea of a co-conspirator as evidence that the

3  defendant is guilty of the offenses to which he is charged, but

4  rather that such evidence is offered only to allow you, the

5  jury, to assess the witness's credibility, to eliminate any

6  concern that the defendant's been singled out for prosecution,

7  or to explain how the witness possessed detailed firsthand

8  knowledge regarding the events that he or she testifies about.

9    At this time I'll explain the Indictment that charges a

10  conspiracy to commit certain offenses.  Now, I'm not going to

11  read the Indictment to you at length, because you will have a

12  copy of it for your reference during your deliberations.  But in

13  summary, the Indictment charges the defendant did knowingly and

14  willfully conspire to commit offenses against the United States,

15  namely mail fraud and wire fraud.

16    The Indictment charges that the objects or goals of the

17  conspiracy were, one, to defraud the Henry Pratt Company; two,

18  to obtain money from the Henry Pratt Company by means of false

19  and fraudulent pretenses, representations, and promises; and

20  three, to deprive Henry Pratt Company of its intangible right to

21  the honest services of the defendant.

22    The first two objects I refer to as money and property

23  fraud, and the third is honest services fraud.  I'll explain the

24  law governing these offenses in a minute.  First, however, you

25  will note that the defendant is not charged with committing the

substantive offenses of mail fraud or wire fraud, rather he is charged with having conspired to do so.

Now, under Title 18, United States Code 371, that code section makes it a separate federal crime or offense for anyone to conspire or agree with someone else to do something, which if actually carried out, would amount to another federal crime or offense. So under this law, a conspiracy is an agreement or a kind of partnership in criminal purposes in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense, it is not necessary for the government to prove that all the people named in the Indictment were members of the scheme, or that those who were members had entered into any type of formal agreement, or that the members had planned together all the details of the scheme or the overt acts that the Indictment charges would be carried out in an effort to commit the intended crime.

Also, because of the essence of a conspiracy offense, it is the making of the agreement, itself, followed by the commission of an overt act, it is not necessary for the government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case must show beyond a reasonable doubt is, first, that two or more persons in some way or manner came to a mutual understanding to try to accomplish a common and unlawful plan as charged in the Indictment. Second,

that the defendant knowingly -- I'm sorry, that the defendant knowing the unlawful purpose of the plan willfully joined in it. Third, that one of the conspirators during the existence of the conspiracy knowingly committed at least one of the methods or overt acts described in the Indictment.  And fourth, that such overt act was knowingly committed at or about the time alleged in an effort to carry out and accomplish some object of the conspiracy.

Now, an overt act is any transaction or event, even one which may be entirely innocent when considered alone, but which is knowingly committed by a conspirator in an effort to accomplish some object of the conspiracy.

A person may become a member of a conspiracy without knowing all the details of the unlawful scheme and without knowing who are all of the other members.  So if a defendant has a general understanding of the unlawful purpose of the plan, and then he knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that defendant for conspiracy, even though the defendant did not participate before, and even though the defendant may have played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, or may have assembled together, or discussed common aims and interests, does not necessarily

1    establish proof of a conspiracy.  Also, a person who has no

2    knowledge of a conspiracy, but who happens to act in a way that

3    advances some purpose of one does not thereby become a

4    conspirator.

5        In this instance with regard to the alleged conspiracy,

6    the Indictment charges that the defendant conspired to commit

7    offenses against the United States, namely mail fraud and wire

8    fraud.  The Indictment charges that the objects or goals of this

9    scheme were, one, to defraud the Henry Pratt Company; two,

10   obtain money from the Henry Pratt Company by means of false and

11   fraudulent pretenses, representations and promises; and three,

12   deprive the Henry Pratt Company of its intangible right of the

13   honest services of the defendant.

14       The first two I refer to as money and property fraud,

15   and the third is honest services fraud.  It is charged, in other

16   words, that the defendant conspired to commit two separate

17   substantive crimes or offenses, wire fraud and mail fraud.  In

18   such a case, it is not necessary for the government to prove

19   that the defendant under consideration willfully conspired to

20   commit both of the substantive offenses of mail fraud and wire

21   fraud.  It would be sufficient if the government proves beyond a

22   reasonable doubt that the defendant willfully conspired with

23   someone to commit one of these offenses; but in that event, in

24   order to return your verdict of guilty, you must unanimously

25   agree upon which of the two offenses the defendant conspired to

1    commit.

2         I'll go over the verdict form with you later, but the

3    verdict form sets out those findings, which you are required to

4    make.

5         The Indictment charges that the defendant conspired to

6    commit offenses against the United States, including mail and

7    wire fraud, and the Indictment charges the objects or goals of

8    the conspiracy were, one, to defraud the Henry Pratt Company;

9    two, to obtain money from the Henry Pratt Company by means of

10   false and fraudulent pretenses, representations and promises;

11   and three, deprive the Henry Pratt Company of its intangible

12   right of the honest services of the defendant.  The first two

13   objects I again refer to as money and property fraud and the

14   third is honest services fraud.

15        With respect to mail fraud and to wire fraud, Title 18

16   of the Code Section 1341, 1343 and 1346 make it a federal crime

17   or offense for anyone to use the United States mails, or to use

18   interstate wire communication facilities in carrying out a

19   scheme to defraud, or to use the United States mails, or to use

20   interstate wire communication facilities in carrying out a

21   scheme to fraudulently deprive another of an intangible right of

22   honest services.

23        The defendant can be found guilty of either of these

24   offenses only if all the following facts are proven to you, the

25   jury, beyond a reasonable doubt.  First, that the defendant

knowingly devised and participated in a scheme to defraud, or
for obtaining money or property by means of false or fraudulent
pretenses, representations or promises, or that the defendant
knowingly devised or participated in a scheme to fraudulently
deprive another of the intangible right of honest services as
charged.

Second, that the defendant did so willfully with intent
to defraud.  Third, that the defendant used the United States
Postal Service by mailing or causing to be mailed some matter or
thing for the purpose of executing the scheme to defraud.  Or
third, that the defendant transmitted or caused to be
transmitted by wire in interstate commerce some communication
for the purposes of executing the scheme to defraud.

Now, the term, scheme to defraud, includes any plan or
course of action intended to deceive or cheat someone out of
money or property by means of false or fraudulent pretenses,
representations or promises.

With regard to honest services, the word, scheme,
includes any plan or course of action intended to deceive or
cheat someone out of the intangible right of honest services.

A statement or representation is false or fraudulent if
it relates to a material fact, and is known to be untrue and is
made with reckless indifference as to its truth or falsity, and
is made or caused to be made with intent to defraud.

A statement or representation may also be false or

1   fraudulent when it constitutes half truth, or effectively

2   conceals a material fact with intent to defraud.  A material

3   fact is a fact which would be important to a reasonable person

4   in deciding whether to engage or not engage in a particular

5   transaction.  A fact is material if it has a natural tendency to

6   influence or is capable of influencing the decision of the

7   person or entity to whom or to which it is addressed.  A false

8   or fraudulent statement, representation or promise can be

9   material, even if the decision maker actually knew or should

10  have known that the statement was false.

11          To act with intent to defraud means to act knowingly and

12  with specific intent to deceive someone, ordinarily for the

13  purpose of causing some financial loss to another, or bringing

14  about some financial gain to oneself.

15          To deprive another of the intangible right to honest

16  services means to violate or to cause an employee or agent of

17  another person to violate the employee's or agent's duty to

18  provide honest services to the employer.

19          With regard to employees in the private sector, the

20  government must prove that the employee intended to breach a

21  fiduciary duty, and that the employee foresaw or reasonably

22  should have foreseen that the employer might suffer an economic

23  harm as a result of the breach.

24          Under the law, every agent or employee representing or

25  working for someone, the employer, has a duty to act honestly

1    and faithfully in all of his or her dealings with the employer,

2    and to transact business in the best interest of the employer,

3    including a duty to make full and fair disclosure to the

4    employer of any personal interest, or profit, or kickback the

5    employee expects to derive, or has derived from any transaction

6    in which he or she participates in the course of the employment.

7         A kickback includes any kind of undisclosed payment or

8    reward to an employee for dealing in the course of employment

9    with the person making the payment so that the employee's

10   personal financial interest interferes with employee's duty to

11   secure the most favorable bargain for the employer.

12        It is not necessary that the government prove all the

13   details alleged in the Indictment concerning the precise nature

14   or purpose of the scheme, or that the material mailed was itself

15   false or fraudulent, or that the alleged scheme actually

16   succeeded in defrauding anyone, or that the use of the mail was

17   intended as a specific or exclusive means in accomplishing the

18   alleged fraud; or that the defendant did the actual mailing, or

19   that the material transmitted by wire was itself false or

20   fraudulent, or that the alleged scheme actually succeeded in

21   defrauding anyone, or the use of interstate wire communications

22   facilities were intended as the specific or exclusive means of

23   accomplishing the alleged fraud; or that the defendant

24   personally used the wire communication facility.

25        What must be proven beyond a reasonable doubt is the

1    defendant with the specific intent to defraud knowingly devised,

2    intended to devise, or participated in a scheme to defraud

3    substantially the same as the one alleged in the Indictment, and

4    the use of the United States mail was closely related to the

5    scheme, or because the defendant either mailed something or

6    caused it to be mailed in an attempt to execute or carry out the

7    scheme.  Or in the case of wire fraud, what must be proved

8    beyond a reasonable doubt is that the defendant with a specific

9    intent to defraud knowingly devised, intended to devise or

10   participate in a scheme to defraud substantially the same as the

11   one alleged in the Indictment, and that the use of the

12   interstate wire communication facility was closely related to

13   the scheme because the defendant either used or caused to be

14   used wire communication facilities in an attempt to execute and

15   carry out the scheme.

16        To cause the mails to be used is to do an act with

17   knowledge that the use of the mails will follow in the ordinary

18   course of business where such use can reasonably be foreseen.

19        To cause interstate wire communication facilities to be

20   used is to do an act with knowledge that the use of such

21   facilities will also follow in the ordinary course of business

22   and where such use can reasonably be foreseen.

23        Each separate use of the mails in furtherance of a

24   scheme to defraud constitutes a separate offense, and likewise,

25   each separate use of the interstate wire facilities in

1    furtherance of a scheme to defraud constitutes a separate

2    offense also.

3            As I have just stated, the Indictment charges conspiracy

4    to commit wire fraud and mail fraud with the object or goals of

5    that conspiracy to be, one, to defraud the Henry Pratt Company;

6    two, obtain money from the Henry Pratt Company by means of false

7    and fraudulent pretenses, representations and promises; three,

8    to deprive Henry Pratt Company of its intangible right to the

9    honest services of the defendant.  Again, the first two objects

10   I refer to as money and property fraud, and the third is honest

11   services fraud.

12           However, to find the defendant is guilty of either

13   conspiracy to commit mail fraud or conspiracy to commit wire

14   fraud, you do not need to find that he committed all three of

15   these objects.

16           For example, with respect to money and property fraud,

17   if you find that he intended to defraud the Henry Pratt Company

18   and that he knowingly and willfully intended to join a

19   conspiracy to do so, and that at least one of the conspirators

20   knowingly committed an overt act to accomplish this object or

21   goal, then you can find the defendant guilty.

22           Likewise, with respect to the honest services fraud, if

23   you find the defendant intended to deprive the Henry Pratt

24   Company of its intangible right to his honest services, you may

25   also find him guilty if you find that he also knowingly and

1    willfully intended to join a conspiracy to do so, and that at

2    least one of the conspirators knowingly committed an overt act

3    to accomplish this object or goal.

4         With regard to the scheme to fraudulently deprive

5    another of intangible honest services, the government is not

6    required to prove that the Henry Pratt Company actually lost

7    money as a result of this aspect of the scheme charged.

8    Instead, what the government must show is that the defendant

9    participated in conduct by means of his position at the Henry

10   Pratt Company, which corrupted the process through which Henry

11   Pratt Company purchased items, such as to pose a reasonably

12   foreseeable risk of economic harm to the Henry Pratt Company.

13        The government has alleged that the defendant deprived

14   the Henry Pratt Company of its right to the defendant's honest

15   services as its employee.  Yet in order for the defendant to

16   have violated Henry Pratt Company's right to honest services of

17   its employee, it is not enough for the government to simply

18   prove a breach of loyalty, rather, the breach of loyalty must

19   contravene the very purpose of any employment relationship

20   between the defendant and the Henry Pratt Company.  And, in the

21   defendant's case, it must involve, one, a breach of a fiduciary

22   duty, and two, a reasonably foreseeable economic harm.

23        Fiduciary duty of a person means an obligation owed to

24   another in accordance with the trust and confidence that they

25   know has been placed in them.  The first of these two

1  requisites, a fiduciary duty, can be met if you find the

2  defendant knew that the Henry Pratt Company placed trust and

3  confidence in him to use his best efforts to make

4  recommendations as to whether certain items could be purchased

5  at the lowest possible prices.  The second requirement that the

6  government must prove is that the employee foresaw or reasonably

7  should have foreseen that his employer might suffer an economic

8  harm as a result of the defendant's breach of loyalty.

9       Good faith is a complete defense to the charges in the

10  Indictment, and since good faith on the part of the defendant is

11  inconsistent with intent to defraud or willfulness, which is an

12  essential part of the charges.  The burden of proof is not on

13  the defendant to prove good faith, of course, since the

14  defendant has no burden to prove anything.  The government must

15  establish beyond a reasonable doubt that the defendant acted

16  with specific intent to defraud as charged in the Indictment.

17       One who expresses an honestly-held opinion or an

18  honestly-formed belief is not chargeable with fraudulent intent,

19  even though the opinion's erroneous or the belief is mistaken.

20  And similarly, evidence which establishes only that a person

21  made a mistake in judgment, or an error in management, or was

22  careless does not establish fraudulent intent.

23       On the other hand, an honest belief on the part of the

24  defendant that a particular business venture was sound and would

25  ultimately succeed would not in and of itself constitute good

1    faith, as that term is used in these instructions, if in

2    carrying out this venture the defendant knowingly made false and

3    fraudulent representations to others with the specific intent to

4    deceive them.

5            In considering whether or not the defendant acted in

6    good faith, you are instructed if the defendant participated in

7    the scheme to defraud, then a belief by the defendant, if such

8    belief existed, that ultimately everything would work out so

9    that no one would lose any money, does not require a finding by

10   you that the defendant acted in good faith.  If the defendant

11   participated in the scheme for the purpose of causing some

12   financial or property loss, or loss of honest services to

13   another, then no amount of honest belief on the part of the

14   defendant that the scheme would ultimately make a profit for the

15   Henry Pratt Company would excuse fraudulent actions or false

16   representations by him.

17           Intent and motive are different concepts and should

18   never be confused.  Motive is what prompts a person to act or

19   fail to act.  Intent refers only to the state of mind with which

20   the act is done or omitted.  Personal advancement and financial

21   gain, for example, are two well-recognized motives for such

22   human conduct.  These praiseworthy motives, however, may prompt

23   one person to voluntary acts of good while prompting another to

24   voluntary acts of crime.  Good motive alone is never a defense

25   where the act done or omitted is a crime.  The motive of the

1    person is therefore immaterial except insofar as evidence of

2    motive may aid you in the determination of the state of mind or

3    the intent of the defendant.

4            The intent of a person or the knowledge that a person

5    possesses at any given time may not ordinarily be proved

6    directly, because there is no way of directly scrutinizing the

7    workings of the human mind.  In determining the issue of what a

8    person knew or what a person intended at a particular time, you

9    must consider any statements made or acts done by that person,

10   and all other facts and circumstances received in evidence that

11   may aid in your determination of that person's knowledge and

12   intent.

13           You may infer, but you are certainly not required to

14   infer, that a person intends the natural and probable

15   consequences of his act, knowingly done and knowingly omitted.

16   It is entirely up to you, the jury, however, to decide what

17   facts to find from the evidence received during the trial.

18           Statements knowingly or voluntarily made by an

19   individual upon being informed that a crime has been committed

20   or upon being accused of a crime charged may be considered by a

21   jury.  When a defendant voluntarily offers an explanation or

22   voluntarily makes some statement intending to show his innocence

23   or it is later -- let me start over.

24           When a defendant voluntarily offers an explanation or

25   voluntarily makes some statement tending to show his innocence

1    or it is later shown that a defendant knew that the statement or

2    explanation was false, the jury may consider this as showing a

3    consciousness of guilt on the part of a defendant, since it is

4    reasonable to infer that an innocent person does not usually

5    find it necessary to invent or fabricate an explanation or

6    statement tending to establish his innocence.

7         Whether or not evidence as to the defendant's

8    explanation or statement, if any, points to a consciousness of

9    guilt on his part, and the significance, if any, to be attached

10   to any such statement are matters exclusively within the

11   province of the jury since you are the sole judges of the facts

12   of the case.  In your evaluation of evidence of an exculpatory

13   statement shown to be false, you may consider that there are

14   many reasons fully consistent with innocence that could cause a

15   person to give a false statement showing that he did not commit

16   a crime.  Fear of law enforcement, reluctance to become

17   involved, a simple mistake may cause a person who has committed

18   no crime to give such a statement or explanation.

19        Now, during the course of the trial, as you know from

20   the instructions I gave you then, you heard evidence of acts of

21   the defendant which may be similar to those charged in the

22   Indictment, but which were committed on other occasions.

23        I charge you that you must not consider any of this

24   evidence in deciding if the defendant committed the acts charged

25   in the Indictment.  However, you may consider the evidence for

1    other very limited purposes.

2        If you find beyond a reasonable doubt from the other

3    evidence in the case that the defendant did commit the acts

4    charged in the Indictment, then you may consider evidence of

5    similar acts allegedly committed on other occasions to determine

6    whether the defendant had the state of mind or intent necessary

7    to commit the crime charged in the Indictment, or whether the

8    defendant acted according to a plan or in preparation for

9    commission of the crime, or whether the defendant committed the

10   acts for which he's on trial by accident or mistake.

11       Now, you have been permitted to take notes during the

12   course of the trial and some of you have done so, and taken

13   advantage of the opportunity and made some notes.  You will have

14   your notes available to you during your deliberations, but you

15   should make use of them only as an aid to your memory.  In other

16   words, you should not give your notes any precedence over your

17   independent recollection of the evidence or lack of evidence,

18   and neither should you be unduly influenced by the notes of

19   other jurors.  I emphasize that notes are not entitled to any

20   greater weight than the memory or impression of each juror as to

21   what the testimony or evidence may have been.

22       Charts and summaries have been submitted by the

23   government, and have been admitted in evidence, and have been

24   shown to you during the trial for the purpose of explaining

25   facts that are allegedly contained in books, records, or other

1    documents which are also evidence in the case.  You may consider

2    the charts and summaries as you would any other evidence

3    admitted during the trial and give them such weight or

4    importance, if any, that you feel they deserve.

5         You will note the Indictment charges that certain

6    activities were committed on or about a certain date, and the

7    government does not have to prove with certainty the exact date

8    of the alleged offense.  It is sufficient that the government

9    proves beyond a reasonable doubt that the offense was committed

10   on a date reasonably near the date alleged.

11        The word, knowingly, as that term is used in the

12   Indictment, or in these instructions, means that the act was

13   done voluntarily and intentionally, and not because of any

14   mistake or accident.

15        The word, willfully, as that term is used in the

16   Indictment and in these instructions means that the act was

17   committed voluntarily and purposely with the specific intent to

18   do something the law forbids, that is with bad purpose either to

19   disobey or disregard the law.

20        Any verdict you reach in the jury room, whether guilty

21   or not guilty, must be unanimous.  In other words, to return a

22   verdict you must all agree.  Your deliberations will be secret

23   and you will never have to explain your verdict to anyone unless

24   you choose to do so.  It is your duty as jurors to discuss the

25   case with one another in an effort to reach an agreement, if you

1    can do so.  Each of you must decide the case for yourself, but

2    only after full consideration of the evidence with the other

3    members of the jury.

4            While you are discussing the case, do not hesitate to

5    re-examine your own opinion and change your mind if you become

6    convinced that you were wrong.  But do not give up your honest

7    beliefs solely because the others think differently or merely to

8    get the case over with.  Remember that in a very real way you

9    are the judges in the case.  You are the judges of the facts of

10   the case, and your only interest is to seek the truth from the

11   evidence in the case.

12           The Indictment charges the defendant with a conspiracy

13   to violate the federal mail fraud and wire fraud laws.  The

14   Indictment alleges a number of separate means or methods by

15   which the defendant is accused of violating the law.

16   Specifically, it's alleged that he engaged in a scheme, one, to

17   defraud the Henry Pratt Company; two, obtain money from the

18   Henry Pratt Company by means of false and fraudulent pretenses,

19   representations and promises; and three, to deprive the Henry

20   Pratt Company of its intangible right to the honest services of

21   the defendant.  The first two objects I'll again refer to as

22   money and property fraud, and the third is an honest services

23   fraud.

24           The government is not required to prove all the means or

25   methods alleged in the Indictment.  Each juror must agree with

1    each of the other jurors, however, that the same means or method

2    alleged in the Indictment was, in fact, engaged in or employed

3    by the defendant in committing the crime charged in the

4    Indictment.  The jury need not unanimously agree on each of the

5    means or method, but in order to convict must unanimously agree

6    upon at least one such means or method as one engaged in by the

7    defendant.

8           Unless the government has proven the same means or

9    method to each of you beyond a reasonable doubt, then you must

10   acquit the defendant of the crime charged in the Indictment,

11   that is, conspiracy.

12          I caution you, members of the jury, that you are here to

13   determine from the evidence in the case whether the defendant's

14   guilty or not guilty, and the defendant is on trial only for the

15   specific offense alleged in the Indictment.  Also, the question

16   of punishment should never be considered by the jury in any way

17   in deciding the case.  If the defendant is convicted, the matter

18   of punishment is for the judge alone to determine under the

19   applicable rules and regulations of the United States.

20          Before you can find the defendant guilty, you must find

21   beyond a reasonable doubt that some means, methods or practices

22   were employed by or under the authority of the members of the

23   alleged conspiracy within the Northern District of Georgia.  You

24   are further instructed that the Northern District of Georgia

25   includes Fulton, Dekalb, Gwinnett County; that Alpharetta,

1    Atlanta and Duluth are within this district.

2           When you go to the jury room, you should first select

3    one of your number to act as foreperson, and that person will

4    preside over your deliberations and will speak for you here in

5    court.  Now, a form of verdict has been prepared for your

6    convenience.  Let me go over that briefly.  It has the style of

7    the case.  In the middle of the page, capped and underlined, it

8    says verdict, and it has two portions, A and B.  A, instructions

9    are circle one.  We, the jury, find the defendant not

10   guilty/guilty, of the charge of conspiracy.  When you have

11   reached a unanimous verdict, you would simply, part A, circle

12   either not guilty or guilty so as to reflect your verdict.  Also

13   it has instructions, B.  Circle yes or no to each question that

14   you are in unanimous agreement.  One.  The defendant conspired

15   to defraud the Henry Pratt Company by United States mail.  Yes

16   or no.  Two.  The defendant conspired to obtain money from the

17   Henry Pratt Company by means of false and fraudulent pretenses,

18   representations and promises by the United States mail.  Yes or

19   no.  Three.  He conspired to deprive the Henry Pratt Company of

20   honest services of the defendant, John Triplett, by the United

21   States mail.  Yes or no.  Four.  The defendant conspired to

22   defraud the Henry Pratt Company by interstate wire

23   transmissions.  Yes or no.  Five.  He conspired to obtain money

24   from the Henry Pratt Company by means of false and fraudulent

25   pretenses, representations and promises by interstate wire

transmissions. That's yes or no. Six. The defendant conspired to deprive the Henry Pratt Company of the honest services of the defendant, John Triplett, by interstate wire transmission. Yes or no.

When you have reached a unanimous verdict on those questions, then you would circle either yes or no, as you find the case to be. Then finally it has a date line and a signature line for your foreperson.

In filling out the verdict form, you must answer the question of the defendant's guilt in part A unanimously. In doing so, you are to consider and vote on each of the questions posted in the verdict form, part B. In order to find the defendant guilty of conspiracy as charged in the Indictment, you need only answer yes as to any one question in part B of the verdict form. With respect to each question in part B, whether your answer to that question is yes or no, your decision must be unanimous, and you may agree unanimously on the answer to one or any number of these questions posed. You may, of course, unanimously agree on the answers to all the questions posed by the verdict form, if that's the result of your deliberation.

In other words, you can go at this either way. You may want to look at part B first, and only if you find unanimously the answer to one of those questions is yes in part B, can you find the defendant guilty in part A.

You will take the verdict form with you to the jury

1  room, and when you reach a unanimous agreement, have your

2  foreperson fill out the verdict form, date it and sign it, and

3  then return it to the courtroom.  If you should desire to

4  communicate with me at any time, please write down your message

5  or question, or pass the note to the court security officer, who

6  will bring it to my attention.  I'll try to respond as promptly

7  as possible either in writing or by having you return to the

8  courtroom, where I can address you orally.  I caution you,

9  however, with regard to any message that you might send, you

10 should never tell me how you stand in any kind of numerical

11 division.  Some of you may have served in State Court and you

12 may have had a judge ask you how do you stand numerically and

13 you may have given them a number.  That is not proper in Federal

14 Court.  I cannot ask you that, and you should not tell me that

15 at any time in any of your communications.  I cannot answer

16 questions about the facts of the case, like who ran the red

17 light, or what the speed limit was, or whatever the case may be,

18 but I can answer questions about the law in the case and I can

19 go back over any portions of the charge that you may desire.

20         I tell you what I'm going to do, I'm going to let you

21 all go to lunch.  I'm not going to let you begin your

22 deliberations until after lunch.  I'm going to let you go with

23 the court security officer at this time, go to lunch.  I'm going

24 to let all fourteen of you go together.  You are still under the

25 same instructions not to discuss the case.  I'll bring you back

1   after lunch.  I'll bring you back in the courtroom.  There are

2   some thirty seconds of further instructions I'll give you, and

3   then I will let you deliberate, and we'll put the alternates in

4   a separate place during deliberation.  But rather than you all

5   going back there and having all that, let me just let you all go

6   to lunch at this time, and let me hold the attorneys and parties

7   in the case.

8           Mr. White, you got that door blocked?  Well, let that

9   door go.  I'll take care of that door.  You take care of the

10  jury.  Take them to lunch, have them back here about twenty till

11  two, and I'll give them some additional instructions and then

12  we'll start deliberation.  You can step from the jury box and

13  just go with Mr. White.

14  (Jury excused from courtroom)

15

16                  **C E R T I F I C A T E**

17

18      I, Martha J. Frutchey, do hereby certify that I am a U.S.

19  District Court Reporter for the Northern District of Georgia,

20  Atlanta Division; that I reported the foregoing and the same is

21  a true and accurate transcription of my shorthand notes as

22  taken aforesaid.

23

24

25                  _____

1          Martha J. Frutchey
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25